The judges delivered their opinions as follows :
Trezevant, J.'
The defendants ought to have taken issue upon the plaintiff’s replication, so as to try the point, whether Bracey was, or was not, required to make and return the inventory before this action was brought; and as he did not do so, he committed the first fault in pleading, and the court must give judgment on the first fault. Com. Dig. Pleader. M. 1. The- judgment here, must, therefore, be against the defendants.
*196 Brevard, J.,
gave no opinion, having been concerned for th<p plaintiff as counsel while at the bar.
Waties, J.,
gave no opinion, having determined the question in the district court.
Grimke, J.
This appears to be a case where the plaintiff has put himself on the judgment of the court, there being no issue to the country, and wherein he prays the court to reverse the circuit decision, as to the propriety of the pleading: acknowledging that he had committed a fault, but insisting, that as defendants had been faulty before him, the court should have looked for the first fault; and if found in defendants, that the judgment should have .been for the plaintiff. Upon this, two questions arise.: 1. Whether the court will, on demurrer, look to the first fault, and give judg., ment accordingly. 2. Whether defendant did not commit the first fault.
As to the first point I have no doubt that on demurrer the court will look through the whole proceedings, and wherever the first fault arises, there they will lay their finger, and give judgment against such of the parties as shall have committed it. 2 Wils. 150, is to this point; and 2 Str. 302 ; and Doug. 91 ; where Braeer, J., said'it was necessary to look beyond the plea, which was clearly bad. And the reason of this course of proceeding in the court is fundamentally right; for should they, in the first instance, rectify the last fault, they must then hear another motion to set the preceding one to rights also: by which mode half a dozen questions might be made on the propriety of proceedings, only one of which might be determined at any one court. This would be the means of lengthening out an issue to an unreasonable length of time, and to the very great delay of justice. Whereas by the rule laid down above, that the court will look for the first fault, and give judgment accordingly, all the subsequent defective proceedings are at once, and by one single decision, set at naught, and dis. jnissed.
As to the second point, whether defendant did commit the first fault, it is to be observed that the general rule is, that where any one of the pleadings is bad in part, it is bad for the whole. It is so laid down as to the plea, in 1 Saund. 28. 1 Lev. 48. 2 Saund. 40. Lutw. 515. So also as to replications. 2 Saund. 50. 1 T. R. 374. But this does not apply where the objection is founded on surplusage ; 3 T. R. 374, except such surplusage is repugnant, or contrary to matter precedent. Co. Litt. 303, b. There is nothing in this plea, or replication, which the court can Jay hold of *197 «s faulty ; wherefore it becomes necessary to consider the next step in the proceedings, which is the rejoinder. The replication protesting that defendant had not well performed the conditions, alleges, that defendant, before the issuing of the writ, had made an inventory, &c., which was exhibited to the ordinary as a true and perfect inventory.of, &c., which inventory was not true and per-feet; and that before the .issuing of tile writ the defendant did not make a true and perfect inventory, as by the act is required. In which plaintiff has made three allegations : 1. That before the issuing of the writ, defendant had made an inventory, &c. 2. That he had exhibited the same as .true and perfect. 3. That the inventory so returned, was not .true and perfect. To this, the defendant rejoins, by stating, I. That he did make a true and perfect inventory. 2. That he did exhibit the same to the ordinary on the 8th of March, 1800. 3. He protests, that he never was required .to make and exhibit an inventory at any time before the 8th of March, 1802. 4. He avers, that the ordinary did give and allow him to the 8th March, 1802, to make and return such inventory. But the rejoinder does not deny that defendant made an inventory before the issuing of the writ; nor that he had exhibited such inventory to the ordinary ; nor that such inventory so returned, was not true and perfect: whereby he has altogether avoided answering the allegations in the replication of the plaintiff. I shall not consider at present, whether it is necessary that the rejoinder should answer all the points in the replication. The subject matter which I shall here notice, and to which I shall confine myself, is, whether the rejoinder supports the plea ; for if a replication departs from the dec. laration, or a rejoinder from the plea, it is bad. Co. Litt. 303, b. The defendant, in his plea, has alleged performance generally of the condition of the bond : but by his .rejoinder, it appears that .there was no such performance until after the commencement of this suit; which is a plain and direct departure in pleading, inas. much as it does not support the plea. Departure is where a replication contains subsequent matter which does not maintain and for. tify the matter in the declaration. Co. Litt. 304. a. And so of a rejoinder, which does not maintain or fortify the matter in the plea. Com. Dig. Pleader. H. The defendant, by his plea, had put himself upon this point, that he had complied with the condition of the bond before the issuing of the writ; and then by his rejoinder alleges, that the return of the true and perfect in. ventory was after the return of the writ, which is subsequent matter that does not maintain the matter in his plea. The rejoinder, *198 therefore, and the plea, are at variance, and the rejoinder must be deemed naught. For if the fact disclosed in the rejoinder amounted to shew that the defendant had performed the condition of his bond, then he ought to have joined issue with the plaintiff upon the issue offered by him in his replication, and given this matter in evidence. But if the fact set out in the rejoinder was only an excuse for the defendant’s not having performed the condition of his bond, which appears to be the intention of the defendant, then he has departed from the bar ; and the defendant ought not to have pleaded, that he did not perform the condition of his bond, and rejoin to this matter, but he ought to have pleaded this matter at first, and specially. White v. Clever. 2 Ld. Raym. 1449. I am, therefore, of opinion, 1. That the court will look into the whole of the proceedings on demurrer, and will give judgment against the party committing the first fault: and 2. That as the defendant committed the first fault, so the judgment of the court must be against him. The opinion delivered at the circuit court must be reversed, and judgment entered for the plaintiff.
Branding, for plaintiff. Mathis, for defendants.